United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § § | CASE NO: 20-31973 |
| CARBO CERAMICS, INC., *et al.*, § § § | CHAPTER 11 |
| Debtors. § § | |
| CARBO CERAMICS, INC., § § | |
| Plaintiff, § § | |
| VS. § § | ADVERSARY NO. 21-3031 |
| BOARD OF TAX ASSESSORS FOR WILKINSON COUNTY GEORGIA, *et al.*, § § § § | |
| Defendants. § | |

## MEMORANDUM OPINION

This memorandum opinion addresses the remaining issues in this case: (1) the amount of Payments In Lieu Of Taxes ("PILOTS") (and statutory interest) owed by CARBO Ceramics, Inc. to Wilkinson County, Georgia; and (2) whether the County is entitled to attorneys' fees. The County is entitled to $3,395,872.59 in unpaid PILOTs for tax years 2018–2022, $1,005,143.64 in pre-judgment interest, and post-judgment interest at the rate of 4.76% per annum. The County is not entitled to attorneys' fees.

## BACKGROUND

On March 29, 2020, CARBO filed a voluntary petition for chapter 11 relief. Case No. 20-31973, ECF No. 1. On June 30, 2020, the Board of Tax Assessors for Wilkinson County, Georgia filed its Proof of Claim No. 0000010117 against CARBO to collect the additional payments in lieu of taxes (PILOTs) it claimed CARBO owed under the parties' bond-for-title tax-incentive agreement. ECF No. 74-33. On April 21, 2021, the Assessors filed an amended proof of claim to include PILOTs for additional tax years. ECF No. 74-34.

On February 24, 2021, CARBO initiated this adversary proceeding against the Assessors and County seeking a refund in PILOTs on account of an alleged *force majeure* event. ECF No. 1 at 6. On April 5, 2021, the Assessors filed a counterclaim against CARBO seeking payment of the PILOTs owed for tax years 2018–2020. ECF No. 21 at 1. The parties have agreed the tax years that are the subject of the Assessors' proof of claim and this adversary proceeding are 2018–2022. ECF No. 73 at 6.

The Court conducted an evidentiary hearing on November 21, 2022. ECF No. 76. The Court requested briefing from the parties on the narrow legal issue of whether CARBO was entitled to claim additional depreciation on PILOTs due to its alleged *force majeure* event. ECF No. 87 at 296–300. On April 12, 2023, the Court issued its Memorandum Opinion deciding this threshold issue. ECF No. 98 at 1. The Court answered the question in the negative, finding that the MOU's valuation provisions were valid and enforceable at all times and did not allow CARBO to claim additional depreciation in the form of inutility and economic obsolescence. ECF No. 98 at 16.

The Court scheduled a hearing on June 21, 2023, to determine the amount, if any, of attorneys' fees and expenses to be awarded to the County. ECF No. 109. The County failed to timely file its exhibits for the hearing, resulting in no evidence being collected. The Court ordered to parties to meet and confer to discuss the amount of litigation expenses

incurred by the Assessors and County due to its dispute with CARBO. The Court also allowed CARBO to file a motion for reconsideration explaining any issues with the Court's opinion.

The Court now decides the amount of PILOTs and statutory interest CARBO owes the County and whether the County is entitled to attorneys' fees.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

The Court has the authority to enter final judgment in this matter under the Plan, Confirmation Order, and because the parties have stipulated that this adversary proceeding is core. ECF No. 69 at 2. The parties have consented to entry of final judgment by a bankruptcy judge. ECF No. 69 at 2.

## DISCUSSION

### I. THE COUNTY IS ENTITLED TO UNPAID PILOTS AND STATUTORY INTEREST

#### A. The County Is Entitled to $3,395,872.59 in Unpaid PILOTs for Tax Years 2018–2022

Since CARBO is not entitled to claim additional depreciation on PILOTs under the parties' bond-for-title agreement, the County is entitled to an award of the difference between the amount of assessed PILOTs and the amount of PILOTs CARBO has paid for tax years 2018–2022. Evidence containing these figures is uncontested and has been admitted without objection. ECF Nos. 74-19–74-28, 74-103.

The parties agree on CARBO's pre-admitted summary of assessed taxes and amounts paid. ECF No. 75 at 4. Pursuant to the table, CARBO owes the County $3,395,872.59 for tax years 2018–2022.[1] ECF No. 74-103.

The County is entitled to $3,395,872.59 before statutory interest.

### B. The County Is Entitled to $1,005,143.64 in Statutory Interest

The County claims statutory interest pursuant to Ga. Code Ann. § 48-2-40. Section 48-2-40 provides interest on all unpaid taxes. The parties' agreement is a sale-leaseback and bond issuance transaction. CARBO transferred title of its two facilities to the Development Authority of Wilkinson County in exchange for tax incentives and project financing. ECF No. 70-26 at 134, 139, 223. As part of the transaction, CARBO then leased the facilities back from the Development Authority. ECF No. 70-26 at 139, 223. CARBO is exempt from paying *ad valorem* taxes, instead making payments in lieu of taxes under the 2008 MOU. ECF No. 70-26 at 246. Since the PILOTs are not a tax, the County is not entitled to interest under § 48-2-40 unless provided for in the parties' agreement. Neither the MOU nor the 2008 lease provide for the payment of statutory interest on unpaid PILOTs.

Georgia law provides for the payment of pre-judgment interest on liquidated contract claims. Ga. Code Ann. § 13-6-13 ("In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery."); *Norair Eng'g Corp. v. Saint Joseph's Hosp., Inc.*, 147 Ga. App. 595, 605 (1978); *Braner v. S. Tr. Ins. Co.*, 255 Ga. 117, 119 (1985). "The rule is that interest must be awarded on a liquidated sum from the time the liability arises . . . ." *Wheels & Brakes, Inc. v. Cap. Ford Truck Sales, Inc.*, 167 Ga. App. 532, 534 (1983) (citing Ga. Code Ann. § 7-4-15).

---

[1] This figure is calculated using the deltas between the assessed PILOTs (reflected under Column C titled "County Tax") and the PILOTs CARBO has paid (reflected under Column G titled "2017 Tax Paid") for tax years 2018–2022. ECF No. 74-103.

"The legal rate of interest shall be 7 percent per annum simple interest where the rate percent is not established by written contract." Ga. Code Ann. § 7-4-2(a)(1)(A); *Chacon v. Holcombe*, 290 Ga. App. 767, 767–68 (2008) (permitting an award of pre-judgment interest under § 13-6-13 at the rate established by § 7-4-2(a)(1)(A)).

Federal law governs the award of post-judgment interest. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). "Post-judgment interest is awarded as a matter of course." *Id.* (citing 28 U.S.C. § 1961(a)). Section 1961 governs awards of post-judgment interest in civil cases, including in bankruptcy adversary proceedings. *In re Imperial Petroleum Recovery Corp.*, 84 F.4th 264, 271 (5th Cir. 2003). Under § 1961(a):

> [I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

Fed. R. Evid. 201 allows the Court to take judicial notice of Treasury yields published by the Federal Reserve. Federal law provides for post-judgment interest accrual on the entire judgment, including the pre-judgment interest award. *Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, 248 F. Supp. 3d 837, 847 (S.D. Tex. 2017) (citing *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991)).

CARBO must pay the County $1,005,143.64 in pre-judgment interest. Post-judgment interest accrues at the rate of 4.76% per annum.

## II. THE COUNTY IS NOT ENTITLED TO CONTRACTUAL ATTORNEYS' FEES

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." *Moon v. Moon*, 277 Ga. 375, 379 (2003). Contractual provisions for attorneys' fees are routinely enforced in Georgia. *See Cheeley Invs., L.P. v. Zambetti*, 332 Ga. App. 115, 118 (2015); *see also Sylar v. Hodges*, 250 Ga. App. 42, 43 (2001) (footnotes omitted) ("Parties may establish contract terms on any subject matter in which they have an interest so long as their agreement is not prohibited by statute or public policy. There is no public policy against contracting for the recovery of attorney fees. And we know of no statute prohibiting the recovery of attorney fees as set forth in the contract in this case. In fact, we have upheld contracts which similarly provide that a prevailing party shall recover attorney fees.").

The Assessors and County claim entitlement to attorneys' fees through Section 10.4 of the 2008 lease agreement. ECF No. 113 at 4. Section 10.4 provides:

> **Section 10.4. Company to Pay Fees and Expenses**. In the event the Company should default under any of the provisions of this 2008 Lease and the Issuer or the Holder should employ attorneys, accountants, or other experts or incur other expenses for the collection of amounts due it hereunder or the enforcement of performance or observance of any obligation or agreement on the part of the Company herein contained for its benefit, the Company agrees that it shall on demand therefor pay to such Person the reasonable fees of such attorneys, accountants, or other experts and such other expenses so incurred by the Issuer. Any attorneys' fees required to be paid by the Company under this 2008

> Lease shall include attorneys' and paralegal's fees through all proceedings, including, but not limited to, negotiations, administrative hearings, trials, and appeals, court costs and reimbursable expenses of such attorneys. The Company and the Holder shall be entitled to enforce their respective rights under this Article and the Issuer's rights under this Article shall be one of the Unassigned Rights. This section shall survive the termination of this 2008 Lease.

ECF No. 74-30 at 56. In the event that CARBO defaults under the 2008 lease, Section 10.4 permits an award of litigation expenses incurred by the "Issuer" or "Holder" for collection of amounts due or enforcement of performance under the lease.

The 2008 lease agreement defines the "Issuer" as the Development Authority of Wilkinson County. ECF No. 74-30 at 26. The lease defines the "Holder" as "the person in whose name the Bond is registered on the registration books of the Issuer and, as stated in Section 4.2 of this 2008 Lease, initially means the Purchaser." ECF No. 74-30 at 26. CARBO is the initial holder of the bond and continues to hold the bond today. ECF No. 74-30 at 30; ECF No. 98 at 15. By the plain meaning of these defined terms, Section 10.4 would permit an award of litigation expenses only to the Development Authority of Wilkinson County. *See Anderson v. David*, 367 Ga. App. 883, 888 (2023) (citation omitted) ("'Words generally bear their usual and common signification,' OCGA § 13-2-2 (2), and courts must interpret the contract terms 'using their plain, ordinary, and popular sense[.]'" (quoting *Davista Holdings, LLC v. Cap. Plaza, Inc.*, 321 Ga. App. 131, 133 (2013))), *cert. denied* (Nov. 7, 2023). There are no ambiguities in Section 10.4's language.

The Assessors and County allege that, because the lease requires CARBO to make PILOTs under the MOU, "to which the County and

Assessors are parties and the Development Authority a beneficiary," since this case involves "enforcing the obligation of payment of PILOTs by CARBO, the Lease authorizes the recovery of the County's reasonable attorneys' fees." ECF No. 113 at 5. The Court agrees with the premise that CARBO's failure to make the required payments under the MOU allows for the recovery of attorneys' fees under Section 10.4 of the lease. *See, e.g.*, ECF 74-30 at 245 ("[CARBO] shall, in consideration of the lease structure and other benefits, make payments in lieu of taxes, in accordance with the payment percentages and terms provided in the Second Amended and Restated Memorandum of Understanding (the "2008 MOU") . . . ."). However, the Assessors' and County's conclusion that the County is therefore entitled to attorneys' fees does not follow. The County is not a party to the 2008 lease, and as explained, Section 10.4 allows fees only to the Development Authority. ECF No. 74-30 at 61–62. The Development Authority is not a party to this proceeding.

The County is not entitled to attorneys' fees.

## CONCLUSION

The County is entitled to a total award of $4,401,016.23. The Court will enter final judgment in a separate order.

SIGNED 02/08/2024

_____
Marvin Isgur
United States Bankruptcy Judge